IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CAROL A. WILSON, ADMINISTRATOR, et al. | : | |
| | : | Case No.: 2:18-cv-00041 |
| v. | : | |
| | : | Judge: Algenon L. Marbley |
| ROXANNE MARIE PROULX, et al. | : | |
| | : | Magistrate Judge: Kimberly A. |
| | : | Jolson |
| | : | |
| | : | |

## ANSWER OF DEFENDANT LAWRENCE R. PROULX, JR.

Comes now the Defendant, Lawrence R. Proulx, Jr. ("Proulx, Jr."), by and through counsel, and for his Answer to Plaintiff, Carol A. Wilson, Administrator ("Administrator") and Trustees of the Ohio Operating Engineers Pension Fund's ("Trustees"), Complaint and states as follows:

### PARTIES

1.      Answering Defendant admits that upon information and belief, Trustees are the duly appointed and acting trustees of the trust established as part of the Ohio Operating Engineers Pension Fund ("Pension Fund") in which his father, Lawrence R. Proulx, Sr. ("Proulx, Sr.") was a participant. The Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations contained in numerical paragraph 1 of the Complaint.

2.      The Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in numerical paragraph 2 of the Complaint.

3.      The Defendant admits that Roxanne Marie is (or was) an individual. The Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations contained in numerical paragraph 3 of the Complaint, and therefore denies the same.

4.     The Defendant admits the allegations contained in numerical paragraph 4 of the Complaint.

5.     The Defendant admits the allegations contained in numerical paragraph 5 of the Complaint.

6.     The Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in numerical paragraph 6 of the Complaint, and therefore denies the same.

## **BACKGROUND**

7.     The Defendant admits the allegations contained in numerical paragraph 7 of the Complaint.

8.     The Defendant admits the allegations contained in numerical paragraph 8 of the Complaint.

9.     The Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in numerical paragraph 9 of the Complaint.

10.     The Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in numerical paragraph 10 of the Complaint.

11.     The Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in numerical paragraph 11 of the Complaint. The Defendant further notes that the Pension Fund documents identified as Exhibit "A" were not attached to the Complaint or to the courtesy copy received by the Defendant; so any references thereto in the Complaint leave the Defendant without sufficient knowledge or information to either admit or deny the allegations.

12.     The Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in numerical paragraph 12 of the Complaint.

13.     The Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in numerical paragraph 13 of the Complaint.

14.     The Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in numerical paragraph 14 of the Complaint.

15.     The Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in numerical paragraph 15 of the Complaint.

16.     The Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in numerical paragraph 16 of the Complaint.

17.     The Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in numerical paragraph 17 of the Complaint.

18.     The Defendant admits the allegations contained in numerical paragraph 18 of the Complaint to the extent it relates to Proulx, Jr. as beneficiary of the death benefit. The Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations contained in numerical paragraph 18 of the Complaint.

19.     The Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in numerical paragraph 19 of the Complaint, and therefore denies the same.

20.     The Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in numerical paragraph 20 of the Complaint.

21.      The Defendant denies that Roxanne Marie "Proulx" was ever married to Proulx, Sr. The Defendant is without sufficient knowledge or information to either admit or deny the

remaining allegations contained in numerical paragraph 21 of the Complaint. The Defendant further notes that beneficiary designation document identified as Exhibit "B" was not attached to the Complaint or to the courtesy copy received by the Defendant; so any references thereto in the Complaint leave the Defendant without sufficient knowledge or information to either admit or deny the allegations.

22.    The Defendant admits the allegations contained in numerical paragraph 22 of the Complaint.

23.    The Defendant denies that Roxanne Marie "Proulx" was ever married to Proulx, Sr. The Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations contained in numerical paragraph 23 of the Complaint.

24.    The Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in numerical paragraph 24 of the Complaint.

25.    The Defendant admits the allegations contained in numerical paragraph 25 of the Complaint.

26.    The Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in numerical paragraph 26 of the Complaint, and therefore denies the same.

27.    The Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in numerical paragraph 27 of the Complaint, and therefore denies the same.

28.    The Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in numerical paragraph 28 of the Complaint, and therefore denies the same.

29.     The Defendant admits that he and Kenneth Proulx are entitled to equally share the pre-retirement death benefit as beneficiaries. The Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations contained in numerical paragraph 29 of the Complaint.

## JURISDICTION AND VENUE

30.     The Defendant admits the allegations contained in numerical paragraph 30 of the Complaint.

31.     The Defendant admits the allegations contained in numerical paragraph 31 of the Complaint.

## COUNT ONE: 28 U.S.C. §1335
## INTERPLEADER

32.     Answering Defendant adopts, reiterates, re-alleges, reaffirms, each and every answer heretofore and hereinafter given in response to the allegations contained in numerical paragraph 32 of the Complaint.

33.     The Defendant denies that the Plaintiff is obligated to pay Proulx, Sr.'s surviving spouse or beneficiary. Defendant admits that Plaintiff is obligated to pay death benefits to Proulx, Sr.'s default beneficiaries, including Lawrence R. Proulx, Jr.

34.     The Defendant denies the allegations contained in numerical paragraph 34 of the Complaint.

35.     The Defendant denies the allegations contained in numerical paragraph 35 of the Complaint.

36.     The Defendant admits the allegations contained in numerical paragraph 36 of the Complaint.

37.     The Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in numerical paragraph 37 of the Complaint.

38.     The Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in numerical paragraph 38 of the Complaint.

## COUNT TWO
## DECLARATORY JUDGMENT

39.     Answering Defendant adopts, reiterates, re-alleges, reaffirms, each and every answer heretofore and hereinafter given in response to the allegations contained in numerical paragraph 39 of the Complaint.

40.     The Defendant admits the allegations contained in numerical paragraph 40 of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

41.     Defendant respectfully requests and reserves the right to amend, alter, and/or supplement the defenses contained in this answer as the facts and circumstances giving rise to the Complaint become known to it through the course of the litigation.

**WHEREFORE**, Defendant, Lawrence R. Proulx, Jr., demands the following relief:

a)      That Judgment be entered for Defendant, Lawrence R. Proulx, Jr., for his portion of the pre-retirement death benefit as Lawrence R. Proulx, Sr.'s child and living heir; and

b)      For all other relief that the Court may deem the Defendant Lawrence R. Proulx, Jr. to be entitled.

Respectfully Submitted,

/s/ Daniel A. Hunt
Daniel A. Hunt, Esq. (#0085871)

6

ZIEGLER & SCHNEIDER, P.S.C.
541 Buttermilk Pike, Suite 500
P.O. Box 175710
Covington, KY 41017
(859) 426-1300
(859) 426-0222 facsimile
dhunt@zslaw.com
*Attorney for Lawrence R. Proulx, Jr.*

## CERTIFICATE OF SERVICE

I, the undersigned Attorney, certify that a true and correct copy of the foregoing was served on the 22nd day of March 2018 by regular U.S. mail, first class, postage prepaid, and by email, where available, upon:

Daniel J. Clark, Esq.
Vorys, Sater, Seymour and Pease, LLP
52 East Gay Street
Columbus, Ohio 43215
djclark@vorys.com
*Attorney for Plaintiffs*
*Administrator and Trustees of the*
*Ohio Operating Engineers Pension Fund*

Roxanne Marie Proulx
475 Saint Clair Ave., Apt. 1
Saint Paul, Minnesota 55102

Kenneth Proulx
7601 Farragut Street
Hollywood, Florida 33024

/s/ Daniel A. Hunt
Daniel A. Hunt, Esq.

7